STRNAD v. WILLIAM MESSER CO.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

MASTER AND SERVANT (§ 330*)—INJURIES—NECESSITY OF PROOF ON THE PART OF THE PLAINTIFF—RES IPSA LOQUITUR.

Though the defendant, in an action for injuries to a person from a block of wood, which fell from a house in course of construction, was a plumbing contractor, and at work in the house at the time of the accident, when there were servants of several other contractors at work in the building at the same time, the mere allegation that his negligence caused the injury would not relieve the plaintiff from the obligation of proving the defendant's negligence, and cast upon such defendant the burden of explaining the accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330;* Negligence, Cent. Dig. § 240.]

Appeal from City Court of New York, Trial Term.

Action by Sophia Strnad by Anna Strnad, her guardian ad litem, against William Messer Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for appellant.

Otto H. Droege, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

SEABURY, J. This action was brought on behalf of an infant to recover damages for injuries alleged to have been sustained by her through the negligence of the defendant. While playing in the yard in the rear of the house where she lived, the plaintiff was struck by a piece of wood, which fell from the adjoining building. The adjoining building, at the time, was in the course of construction. The defendant was a contractor engaged in doing plumbing work upon the adjoining building. There were upon that building servants of several other contractors, who were also engaged in work. The chief issue in the case was to determine whether or not the servants of this defendant were responsible for the accident.

The learned court below charged the jury that the fact that an object fell from the building was presumptive evidence, requiring the "one charged with such an act to present to the jury evidence denying the negligence by explaining the occurrence." The charge also withdrew from the jury the issue of contributory negligence, and stated to the jury that the failure of the one charged with doing the negligent act to explain it was conclusive evidence of negligence. The fact that the plaintiff charged the plumbing contractor with responsibility did not relieve her of the obligation of offering proof to show that the plumbing contractor was liable. The mere charge of negligence has no probative force. The charge was not only incorrect, but prejudicial, since it permitted the plaintiff to recover a verdict based on her pleadings, rather than upon proof.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.