STRNAD v. WILLIAM MESSER CO.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

WITNESSES (§ 243*)—EXAMINATION OF WITNESSES—LEADING QUESTIONS.

It was error to exclude questions, asked a witness who was testifying through an interpreter, and who was manifestly slow-witted, although in some aspects they might be considered leading, where they were not obnoxiously so.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 847; Dec. Dig. § 243.*]

Appeal from City Court of New York, Trial Term.

Action by Sophia Strnad, by her guardian ad litem, Anna Strnad, against the William Messer Company. From a judgment dismissing the complaint in the course of the trial before a judge and jury, plaintiff appeals. Reversed, and new trial ordered.

See, also, 137 N. Y. Supp. 914.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Otto H. Droege, of New York City, for appellant.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued the defendant as the employer of a man who carelessly threw a piece of wood out of a building in course of construction; plaintiff having been struck by the wood in its descent. At the time of the accident the plaintiff was an infant about 10 years of age. She sues by her guardian ad litem.

There is no doubt about the injury, and practically none as to its having occurred in the manner indicated. The issue litigated was the identity of the person who threw or allowed the piece of wood to fall, and whether such person was an employé of the defendant. In order to assist in the identification, plaintiff's counsel asked of a witness, who was testifying through an interpreter, and who was manifestly slow-witted also, questions which might in some aspects be considered as leading; but they were not obnoxiously so, if they were open to that criticism at all.

The learned trial judge excluded an entire series of such questions, whereupon plaintiff's counsel asked to be relieved of the trial of the case, and also asked to have a juror withdrawn. Counsel's last remark was:

"I can't proceed. I can't ask any questions. Every question I ask is objected to."

The court thereupon, addressing defendant's counsel, said:

"What is your motion?"

Defendant's counsel replied:

"If he is unwilling to proceed, I move to dismiss."

The motion was granted, and plaintiff's counsel excepted.

After a careful examination of the evidence, I am of opinion that the questions, or at least most of them, which plaintiff's counsel had asked, were improperly excluded, and plaintiff's exceptions to the rulings present reversible error. The record is such that manifestly, in the interest of justice, there must be a new trial, which is hereby directed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.