### STRNAD v. WILLIAM MESSER CO.

(Supreme Court, Appellate Term, First Department.   March 5, 1914.)

1. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSONS—QUESTIONS FOR JURY.

Evidence that defendant was the contractor in charge of all the plumbing work in a building in course of construction and that a workman, who sawed off a piece of wood and permitted it to fall and strike plaintiff, was seen doing work in the nature of plumbing work upon such building, made a question for the jury as to whether he was defendant's employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274-1277; Dec. Dig. § 332.*]

2. NEGLIGENCE (§ 122*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In an action for injuries to an infant struck while playing in the yard in the rear of the tenement house in which she lived by a piece of wood which fell from an adjoining building, where there was evidence that the house opened into the yard, that the children residing therein were accustomed to play there, and no suggestion that the yard was owned by defendant or the person who employed him, it was immaterial who owned it, and a dismissal because plaintiff had not proved the title to the yard, or shown that she was not a trespasser, was erroneous.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 221-223, 229-234; Dec. Dig. § 122.*]

3. MASTER AND SERVANT (§ 332*)—INJURIES TO THIRD PERSON—QUESTIONS FOR JURY.

Whether it was negligence for a workman on a building to drop a piece of wood into an adjoining yard where children were at play was a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1274-1277; Dec. Dig. § 332.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Sophia Strnad by her guardian ad litem, Anna Strnad, against the William Messer Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

See, also, 142 N. Y. Supp. 314.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Otto H. Droege, of New York City, for appellant.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for respondent.

SEABURY, J. This cause has been three times tried. The plaintiff, an infant, while playing in the yard in the rear of the house where she lived, was struck by a piece of wood which fell from an adjoining building. Several contractors were engaged with their workmen in constructing the adjoining building at the time of the accident. The judgment recovered in favor of the plaintiff upon the first trial was reversed because the charge of the court withdrew from the jury the issue of contributory negligence, and instructed the jury that the fact that the defendant was *charged* with negligence required the defendant to explain the occurrence. 137 N. Y. Supp. 914. Upon the second trial the court dismissed the complaint, and upon appeal the judgment was reversed and a new trial ordered. 142 N. Y. Supp. 314. Upon the last trial the complaint was again dismissed, and from the judgment entered upon such dismissal the plaintiff appeals to this court.

The case presented three issues of fact: First, whether the piece of wood was dropped by an employé of the defendant; second, if so, whether such act on the part of the defendant's employé constituted negligence; and, third, whether the plaintiff was guilty of contributory negligence. These questions were obviously for the jury, and that fact was plainly intimated in the two opinions of this court rendered upon the former appeals.

[1] It appeared from the evidence that the defendant was the contractor in charge of all the plumbing work upon the building then being constructed. A workman on the top floor of that building rested a piece of wood upon the window sill, and sawed off a part of it, and the piece sawed off fell and struck the plaintiff. It also appeared in evidence that the workman who sawed off the piece of wood that fell and struck the plaintiff was seen doing work in the nature of plumbing work upon the building. This evidence, while not strong, was sufficient to carry the issue to the jury whether the workman who allowed the wood to fall was an employé of the defendant.

[2, 3] The learned court below dismissed the complaint upon the theory that the plaintiff failed to prove whether or not she was a trespasser in the yard. There was no evidence in the case to show that the plaintiff was a trespasser, and the assumption was unjustified. The plaintiff was a dweller in a tenement house known as No. 1442 Avenue A. She was playing with another child in the yard in the rear of this tenement. In dismissing the complaint, the court said:

"There is no evidence before the court as to who was in possession or control of the property between the tenement house, where the infant plaintiff resided, and the building in course of construction. * * * The burden is upon the plaintiff to satisfy the court, by evidence, that the plaintiff was not a trespasser, and that the plaintiff was upon the property where she had a right to be. There is no evidence upon that point, except the mere statement that she was 'in her own yard' which, under the circumstances as developed in this case, is a mere conclusion of law. It was easily susceptible of proof as to who had title to the property upon which this accident occurred, and, upon the failure of counsel to produce that proof, the court is unable to determine whether the plaintiff was where she had a right to be, or whether she was a mere licensee, or trespasser; if she was a mere licensee, or trespasser, there is no evidence here of willful or wanton negligence."

The evidence established that the yard in which the plaintiff was injured was adjacent to the tenement house, and that the house opened into the yard, and that the children who resided in the house were accustomed to play in the yard. It was entirely immaterial who owned the yard. There is no suggestion that it was owned by the person who employed the defendant. Children were playing in the yard at the time of the accident, and it was for the jury to determine, under these circumstances, whether it was negligent for the defendant's workman to drop the piece of wood which struck the plaintiff. The plaintiff was under no obligation to prove the title to the yard. No one claims, and it was not suggested by the proof, that the plaintiff trespassed upon the property of the defendant. The whole subject was irrelevant to the issues, and the assumption that the plaintiff *may have been* a trespasser was gratuitous.

It seems to us that the issues involved in this case are simple; and, in view of the necessity for ordering a new trial, we have discussed the case thus extensively in the hope that these issues enumerated above may be submitted to a jury, and a jury be permitted to pass upon these questions of fact.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.