## NICOLETTI v. DIECKMANN.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

1. BAILMENT (§ 31*)—NEGLIGENCE OF BAILEE—EVIDENCE.

Testimony of plaintiff that he kept a horse and harness in defendant's stable for a specified compensation per month, that the horse and harness were placed in the stable on Sunday morning, that plaintiff, on coming back in the evening, fed the horse and went home, that he returned early the next morning and found the horse and harness missing, and also found defendant's watchman asleep in bed, and that the watchman stated that he did not know anything about the horse, established a prima facie case against defendant, requiring an explanation from him, to escape liability.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131; Dec. Dig. § 31.*]

2. WITNESSES (§ 243*)—EXAMINATION—LEADING QUESTIONS.

Where a witness, who is an illiterate foreigner, testifying through an interpreter, cannot be made to answer a question unless the question is leading, the court must, in interest of justice, permit leading questions.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 847; Dec. Dig. § 243.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Raffaele Nicoletti against Frederich H. Dieckmann. From a judgment of dismissal at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial granted.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Palmieri & Wechsler, of New York City (Samuel Wechsler, of New York City, of counsel), for appellant.

Theodore P. Nanz, of New York City (Andrew F. Murray, of New York City, of counsel), for respondent.

GAVEGAN, J. The action was brought to recover $335, the value of plaintiff's horse and harness, alleged to have been lost through the negligence of the defendant.

[1] The plaintiff kept his horse and harness in a stall of the defendant's stable, paying the defendant $5 a month on his assurance that the horse would be safe there. The stable contained 30 stalls. The plaintiff himself fed and cleaned the horse, took him out early in the morning to deliver ice, and brought him back at night. At 9 o'clock a. m. on Sunday, August 30, 1914, the plaintiff returned the horse to the stall. He came back at 7 o'clock in the evening, fed the horse, and then went home. He returned at 3 o'clock the following morning, to take the horse out, but found that the horse and harness were missing. He found the defendant's watchman asleep in bed, and asked him what had become of his horse. The watchman said that he did not know anything about it, and had not seen it. Upon this testimony the defendant moved to dismiss the complaint on the ground that the plaintiff had not established any negligence, and the court granted the motion.

I think the plaintiff's evidence at least made out a prima facie case of a want of ordinary care, which required an explanation from the defendant. In fact, the plaintiff's proof established affirmatively the negligence of the defendant; it being a fair inference from the evidence that the watchman, who was found asleep by the plaintiff, was in the employ of the defendant. Swann v. Brown, 51 N. C. 150, 72 Am. Dec. 568.

[2] I am also of the opinion that the trial court erred in excluding questions asked by plaintiff's counsel regarding a conversation between the parties when plaintiff brought his horse to defendant's stable. This conversation, if allowed, would have presumably defined the agreement between the parties. The only objection raised to the questions was that they were leading. Plaintiff evidently could command sufficient English to enable him to make an agreement in that language with the defendant with regard to the stabling of his horse, but it was necessary for him to testify through an interpreter at the trial. Such instances frequently come under the observation of the court without arousing suspicion as to the witness' veracity. This court has held that, in the interests of justice, strict rulings should be relaxed when it becomes apparent that a witness who is an illiterate

foreigner, testifying through an interpreter, cannot be made to answer a question without being led. Strnad v. William Messer Co., 142 N. Y. Supp. 314.

The judgment appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur; GUY, J., concurring in the result.